Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50260 | **DATE** | 2/24/2011 |
| **CASE TITLE** | James R. Henson (#1611 / #90932) vs. Officer Hirsh, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#4] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. The plaintiff's motion for appointment of counsel [#3] is denied as moot. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the McHenry County Jail. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT - OPINION

    The plaintiff, a pretrial detainee at the McHenry County Jail currently assigned by writ to the Chester Mental Health Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, violated the plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement. More specifically, the plaintiff alleges that he was placed in a cell that was overly bright and that had offensive, racist graffiti carved on the walls.

    The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $10.50 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility. **(CONTINUED)**

mjm

| STATEMENT - OPINION (continued) |
|---|

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law.

The plaintiff alleges that he was placed in segregation for fifteen days as a disciplinary sanction [the underlying discipline is not, itself, a subject of this lawsuit]. The plaintiff states that the cell to which he was assigned was painted bright white, as opposed to the "dull antique white color" of the cells in the general population. The window was painted over in black, and previous occupants had carved swastikas and a racially derogatory epithet on the walls. Despite the plaintiff's complaints, the jail staff refused to move him to another cell. The plaintiff filed two grievances, both of which were denied without any appropriate action being taken.

Although the plaintiff contends that he suffered "loss of sleep, headaches, and eye pain" because the cell was too bright, the court finds the matter too trivial to implicate the Constitution. In order to state a conditions-of-confinement claim of constitutional significance, a pretrial detainee must allege facts showing that the challenged condition amounted to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard for determining punishment is similar whether considered in the context of the Due Process Clause or the Eighth Amendment. *Zentmeyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). Punishment requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Bell* at 542; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). There is an ancient maxim, *de minimis non curat lex*, "the law cares not for trifles." *Ehrlich v. Mantzke*, No. 01 C 7449, 2002 WL 265177, *4 (N.D. Ill. Feb. 25, 2002) (Kocoras, J.). Being confined to a too-white cell for fifteen days does not implicate the Constitution.

For the same reasons, the plaintiff has no viable cause of action with respect to the offensive graffiti on the walls. Though regrettable, it is not surprising that jail inmates who are not only facing criminal charges but also disciplined for pretrial misconduct might vandalize their segregation unit cell. Having to view the racially charged graffiti, while unpleasant and undesirable, did not rise to the level of a constitutional violation.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."[1]

---

[1] Plaintiff filed 5 separate cases against various prison officials between May 2010 and October 2010.